AND NOW, THIS 7th DAY OF Sept, 10, IT IS HEREBY ORDERED THAT THE WITHIN MOTION IS DENIED.

/s/ Gary L. Lancaster
GARY L. LANCASTER,
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WESTERN PENNSYLVANIA

| | |
|---|---|
| JOLANDO HINTON, | |
| Plaintiff, | CIVIL ACTION 08-685 |
| v. | JUDGE GARY L. LANCASTER |
| PENNSYLVANIA STATE POLICE, | |
| Defendant. | |

## MOTION FOR PARTIAL RECONSIDERATION OF THE OPINION AND ORDER OF AUGUST 30, 2010 (Doc. 50.)

### I. The HOV Citation Incident

1. In its Memorandum Opinion (Doc.50) in support of its Order granting Defendant's Motion for Summary Judgment in part, the Court states that Hinton relies solely on the findings of a grievance arbitrator to disprove PSP's articulated reason for "the HOV citation incident". (Doc 50, pp. 30, 31.)

2. In so stating, the Court fails to consider the signed statements of Donna Manker and Yoel Rabin. (Doc 30, Exs. P-3 and P-4.)

3. Lt. Sheldon Epstein initiated an internal investigation alleging Hinton had falsely stated that a citation issued to Rabin was withdrawn on Dec. 2, 2008 and had further falsely informed Rabin that the citation was withdrawn when it had not been. (Doc 25, ¶¶ 45 – 48, Doc. 25 – 9, Ex. 18.)

4. Rabin's statement indicates that Epstein personally informed him that he (Epstein) "received a written notification from Trooper Hinton that he plans to withdraw

1