IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOLANDO HINTON, )
      Plaintiff, )
   v. ) Civil Action No. 08-0685
 )
PENNSYLVANIA STATE POLICE, )
      Defendant. )

MEMORANDUM

Gary L. Lancaster,                      May 20, 2011
Chief Judge.

      This is a civil rights case brought pursuant to Title VII of the Civil Rights Act of 1964. On February 20, 2011 we entered judgment in Hinton's favor, pursuant to the jury's February 11, 2011 verdict. [doc. no. 61]. On March 25, 2011 we entered an order denying Pennsylvania State Police's (PSP) motion for judgment as a matter of law or for a new trial. [doc. no. 72]. PSP filed a notice of appeal from both the judgment and order on April 21, 2011. [doc. no. 75]. That appeal has been docketed in the Court of Appeals for the Third Circuit as USCA No. 11-2076.

      Before PSP filed its notice of appeal, Hinton had filed a motion for attorney's fees. [doc. no. 59]. PSP argued in its opposition brief that we should not decide the issue of attorney's fees while the appeal is pending. [doc. no. 81]. Thereafter, Hinton filed a motion asking this court to "defer further briefing [on the motion for attorney's fees] pending the outcome of [PSP's appeal]." [doc. no. 83].

As a general rule, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982). However, the Court of Appeals for the Third Circuit recognizes several "limited" exceptions to the <u>Griggs</u> rule. These exceptions allow a district court to retain jurisdiction to issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record on appeal. <u>In re Merck & Co., Inc. Sec. Litig.</u>, 432 F.3d 261, 267-68 (3d Cir. 2005); <u>Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.</u>, 198 F.3d 391, 394 (3d Cir. 1999); <u>Bensalem Twp. v. Int'l Surplus Lines Ins. Co.</u>, 38 F.3d 1303, 1314 & n.9 (3d Cir. 1994). As such, although this case is currently on appeal, we retain jurisdiction over the instant motion for attorney's fees. <u>West v. Keve</u>, 721 F.2d 91, 95 n.5 (3d Cir. 1983).

Nevertheless, the court has the discretion to deny the motion, without prejudice, on the ground that it is premature. <u>See</u> Fed. R. Civ. P. 54(d)(2)(B), 1993 Amendments, Advisory Committee Note. Here, we find that Hinton's motion is premature. Both Hinton and PSP agree that a decision on this motion should be deferred until after PSP's appeal is resolved.

2

We conclude that it is inappropriate, and inefficient, to decide the motion for attorney's fees before the appeal is decided because the resolution of that appeal will affect at least the amount, and possibly the availability, of Hinton's fee award. Therefore, we will not rule on the motion for attorney's fees until after the Court of Appeals for the Third Circuit has issued its mandate.

An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOLANDO HINTON, )
    Plaintiff, )
v. ) Civil Action No. 08-0685
)
PENNSYLVANIA STATE POLICE, )
    Defendant. )

ORDER

AND NOW, this 20th day of May, 2011, IT IS HEREBY ORDERED that Hinton's motion for attorney's fees [doc. no. 59] is DENIED, without prejudice. If it is warranted by the Court of Appeals for the Third Circuit's resolution of the appeal pending at USCA No. 11-2076, Hinton may file a renewed motion for attorney's fees no later than fourteen (14) days after the mandate is issued. If such a motion is filed, the court will thereafter issue a briefing schedule.

BY THE COURT,

/s/ _____, C.J.

cc: All Counsel of Record